UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN MCMILLAN,

    Plaintiff,

  v.

J. CAPLAND, et al.,

    Defendants.

No. 2:18-cv-0523-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in this action under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2.

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, his request to proceed in forma pauperis is granted. By separate order, the agency having custody of plaintiff will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

<u>Screening</u>

I.    <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

II.     Analysis

Plaintiff brings this action against twelve[1] defendants, only two of whom – Capland and Crawford - are identified. He generally alleges that, "in or around March of 2016," Capland and Crawford confronted him and asked about his non-correction eye-glass frames. ECF No. 1 at 4. Plaintiff told the officers that he had received permission to wear the frames at a former unit. *Id.* The officers rejected his explanation and, later that day, plaintiff returned to his cell to find that it had been searched. *Id.* at 5. Subsequent exchanges with the Capland and Crawford left plaintiff with the impression that he would be punished if they saw him with the unauthorized frames. *Id.* Plaintiff also states that, on May 15, 2016, a member of the medical staff told him that he would be scheduled for an optometrist appointment, presumably to secure new frames. *Id.* at 6.

Plaintiff lists various dates, ranging from May 24, 2016 to January 3, 2017, on which he alleges he was forced to navigate the recreation yard with "severely limited vision" due to the risk of punishment from defendant Capland and Crawford. *Id.* at 7-22. Plaintiff states that he never received a "ducat" which would have allowed him to proceed to his optometric appointment. *Id.* at 22.

On November 23, 2016, plaintiff was confronted by defendant Capland in a walkway. Id. at 23. Plaintiff was still wearing the non-correction frames and told Capland that he had requested an optometrist appointment, but had yet to receive an appointment "ducat." *Id.* Capland assessed plaintiff with a rules violation report which Crawford ratified. *Id.* Plaintiff alleges that this rules violation report jeopardizes his possibility of parole. *Id.* at 25.

/////

---

[1] Plaintiff has also named ten "Doe" defendants in the caption of the complaint, but it is far from clear what his allegations against these defendants are. *Id.* at 1.

3

Based on the foregoing, plaintiff alleges that defendants Crawford and Caplan violated his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *Id.* at 28. He also claims that Caplan and Crawford discriminated against him on account of his disability, thereby violating the Americans with Disabilities Act of 1990 ("ADA"). *Id.*

The court finds that the complaint fails to state a viable claim against any defendant. First, there is no private cause of action under HIPAA and that claim fails as a matter of law. *See Garmon v. County of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) ("HIPAA itself provides no private right of action.") (quoting *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007)). Second, plaintiff has failed to allege any facts which support his claim that either Caplan or Crawford discriminated against him on the basis of his disability. His allegations indicate, instead, that both officers stated that the frames of his glasses did not comply with prison regulations. And none of his allegations suggest that some ulterior, discriminatory motive existed. *See Roe v. Cal. Dep't of Developmental Servs.*, No. 16-CV-3745-WHO, 2017 U.S. Dist. LEXIS 81493, *20-21 (N.D. Cal. May 26, 2017) (holding that an ADA claimant "must plead facts that show discrimination on the basis of her disability, not that she is disabled and has been subject to any constitutional violation.").

Finally, to the extent plaintiff seeks to raise a claim of medical deliberate indifference against any defendant, that claim also fails. He has not established that the deprivation in question – navigating the recreation yard without his eyeglasses – was sufficiently serious. *See Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) ("A deprivation is sufficiently serious when the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities."). He does not, for instance, contend that he suffered any long term injury to his health as a consequence of doffing his eyeglasses during certain hours of the day out of fear of punishment. Nor does he allege that either defendant acted with deliberate indifference to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that deliberate indifference exists where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Plaintiff's complaint will be dismissed with leave to amend.

Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: March 14, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE